IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| LUIS GERARDO DEGANTE, § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | Civil Action No. 4:21-cv-548-ALM-KPJ |
| § | |
| ERNESTO GONZALEZ and GAYLON § | |
| PERRY RIDDLES, § | |
| § | |
| Defendants. § | |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Pending before the Court is Plaintiff Luis Gerardo Degante's ("Plaintiff") Motion for Prompt Disposition for Return of Property (the "Motion") (Dkt. 10). Defendants Ernesto Gonzalez ("Gonzalez") and Gaylon Perry Riddles ("Riddles") (collectively, "Defendants") did not file responses. For the reasons that follow, the Court recommends that the Motion (Dkt. 10) be **DENIED**.

**I.    BACKGROUND AND PROCEDURAL HISTORY**

On July 15, 2021, Plaintiff, proceeding *pro se*, filed a complaint (the "Complaint") (Dkt. 1) against Gonzalez and Riddles. Dkt. 1 at 1. In the Complaint (Dkt. 1), Plaintiff alleges that on October 9, 2018, he pleaded guilty in a criminal case in the Eastern District of Texas. *Id.* at 4. Plaintiff alleges that his plea deal included the return of a piece of jewelry. *Id.* Plaintiff alleges that he was represented by Riddles and that Gonzalez represented the United States in the matter. *Id.* Plaintiff avers that the jewelry was never returned to him. *Id.*

On July 24, 2023, prior to serving Defendants with the Complaint (Dkt. 1), Plaintiff filed the Motion (Dkt. 10), wherein he requests "the return of his property or seeks damages for

1

emotional (psychological) distress and monotary [sic] damages for the loss of a family heirloom." Dkt. 10 at 1. Plaintiff avers that both Riddles and Gonzalez were present at his change of plea hearing and both initialed a change to the section regarding forfeiture in Plaintiff's plea agreement, removing the forfeiture of the "gold chain." *Id.* Plaintiff represents that Gonzalez, in regard to the jewelry, stated: "[W]e've agreed to return that to the defendant." *Id.*; *see also* Dkts. 10-1; 10-2. Plaintiff alleges that the gold chain has not been returned. Dkt. 10 at 1. Plaintiff did not include a certificate of service with the Motion (Dkt. 10).

On October 13, 2023, the Court ordered Plaintiff to serve Defendants with the Complaint (Dkt. 1) no later than fourteen (14) days after receipt of the order. Dkt. 11 at 1. Summons was issued for the first time for Defendants on October 17, 2023. Dkts. 12–13. On January 23, 2024, Riddles filed his answer. Dkt. 23. On February 20, 2024, Gonzalez filed his motion to dismiss.[1] Dkt. 25.

## II.    ANALYSIS

Under Federal Rule of Civil Procedure 5, a written motion must be served on every party. FED. R. CIV. P. 5(a)(1)(D). Plaintiff did not include a certificate of service with the Motion (Dkt. 10) and has not explained whether he has served the Motion (Dkt. 10) on Defendants. *See* Dkt. 10; *see also* FED. R. CIV. P. 5(d)(1)(B) ("When a paper that is required to be served is served by . . . means [other than by filing it with the court's electronic-filing system] . . . a certificate of service must be filed with it or within a reasonable time after service."); LOC. R. CV-5(c) ("The certificate of service required by Fed. R. Civ. P. 5(d) shall indicate the date and method of service."). Further, Plaintiff filed the Motion (Dkt. 10) on July 24, 2023, prior to serving any Defendant with summons in the case. *See* Dkt. 10. Indeed, summons was not issued for Defendants

---

[1] Gonzalez filed the Motion to Continue Answer Deadline (Dkt 15), which the Court granted, extending Gonzalez's responsive pleading deadline to February 20, 2024. *See* Dkt. 22 at 2.

2

until October 2023, after the Court ordered Plaintiff to serve Defendants. *See* Dkts. 11–13. As of February 20, 2024, all Defendants have now appeared in the case. *See* Dkts. 23; 25. Because the Motion (Dkt. 10) was filed prior to Defendants appearing in the case, Plaintiff could not have served Defendants by filing the Motion (Dkt. 10) with the Court's electronic-filing system. Plaintiff also has not explained when and how he served Defendants with the Motion (Dkt. 10) by filing a certificate of service for the Motion (Dkt. 10). Accordingly, the Court finds that Plaintiff's service of the Motion (Dkt. 10) is defective.

In addition to the defect in service, the Motion (Dkt. 10) seeks an order from the Court that would be dispositive;[2] Plaintiff "requests that this honorable court compels [sic] the defendants in this matter to either return his property, or grant petitioner a summary judgement [sic] for the equivalent of the monetary value, and emotional and mental distress." Dkt. 10 at 2. "[A] 'dispositive motion' includes a motion that, if granted, would result in the determination of a particular claim on the merits." *La. United Bus. Ass'n Cas. Ins. Co. v. J & J Maint., Inc.*, 328 F. Supp. 3d 563, 568 (W.D. La. 2018). This case is in its infancy; Defendants only recently made their appearances in the case, the Court has not yet held a scheduling conference, and no discovery has taken place. Thus, a determination on the merits of Plaintiff's claim is not yet appropriate.

### III.   RECOMMENDATION

For the foregoing reasons, the Court recommends the Motion (Dkt. 10) be **DENIED WITHOUT PREJUDICE**.

---

[2] Because the Court construes the Motion (Dkt. 10) as dispositive, the Court issues a recommendation as to the final decision of the Motion (Dkt. 10). *See Vaquillas Ranch Co. v. Texaco Expl. & Prod., Inc.*, 844 F. Supp. 1156, 1160 (S.D. Tex. 1994) ("Rule 72(b) provides that a magistrate judge can make only recommendations as to dispositive motions and that the district judge, upon a *de novo* review, makes the final decision."); *see also* 28 U.S.C. § 636(b)(1) (listing those motions which require a magistrate judge to issue a "recommendations for the disposition").

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

A party is entitled to *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.*; *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *see also Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**So ORDERED and SIGNED this 27th day of February, 2024.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE